

ORDERED in the Southern District of Florida on November 6, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

Tagged Opinion

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: JOSE DELIZ-MEDINA and<br>LOURDES VIGGIANO-DELIZ,<br>      Debtors._____/ | Case No: 10-33888-LMI<br>Chapter 13 |

## ORDER DENYING TRUSTEE'S MOTION TO DISMISS

This matter came before the Court at 10:00 a.m. on August 14, 2013, upon the Trustee's Motion to Dismiss for Failure to Disclose Income (ECF #68). Having considered the memoranda of law submitted by both the Trustee, Nancy Neidich (the "Trustee"), and the Debtors, Jose Deliz-Medina and Lourdes Viggiano-Deliz (the "Debtors"), the arguments of counsel, and the applicable law, for the reasons set forth below, the Motion to Dismiss is Denied.

The Debtors filed for protection under chapter 13 of the Bankruptcy Code on August 13, 2010. Their Second Amended Plan (ECF #38) was confirmed on December 28, 2010 (ECF #50). The Second Amended Plan included the Trustee's "income verification" language (the "IVL") which states that "the debtors will provide all copies of all income tax returns to the Chapter 13 Trustee on or before May 15 during the pendency of the plan. The Debtors will

1

amend Schedules I and J, and modify plan if necessary." The Debtors did timely provide the tax returns as required by the Second Amended Plan.

At some point well after the tax returns were provided, the Trustee filed the Motion to Dismiss asserting that, in accordance with the IVL, the Debtors were obligated to file amended Schedules I and J and to modify the plan, and, having failed to do so, the case should be dismissed. The Debtors dispute their obligation to either file amended schedules or an amended plan, absent a request by the Trustee to do so.

This dispute centers around the meaning of the second part of the IVL—"*The Debtors will amend Schedules I and J, and modify plan if necessary*." The Trustee argues that this language required the Debtors to file the amended schedules and plan if their income increased, and because the Debtors' income did increase, dismissal is appropriate because the Debtors did not modify their Second Amended Plan to pay this increase in income to their creditors.[1] The Debtors argue that, first, it was the Trustee's obligation to advise the Debtors if any amendments were necessary, after review of the tax returns, and, second, that the Trustee waited almost a year and a half after the tax returns were submitted to file the Motion to Dismiss.[2]

The issue before the Court is whether the "if necessary" language places the burden on the Debtors to submit the amended Schedules I and J to the Trustee each time there is an increase in their income, and whether the language further imposes an affirmative duty on the Debtors to

---

[1] The Court rejected the Chapter 13 Trustee's assertion that because the IVL was intended to resolve and abate any pre-confirmation issues with the Debtors regarding whether the projected disposable income provided for in the calculation of the Second Amended Plan was sufficient, then the parties would need to revisit the original confirmation order because perhaps the Debtors understated their original projected disposable income. The plan provisions are *res judicata* with respect to pre-confirmation disputes once the confirmation order was entered and the 180 days provided for in 11 U.S.C. §1330 for the Trustee, or any interested party, to revoke the confirmation order on the grounds of fraud have expired.

[2] The Debtors provided the 2010, 2011, and 2012 tax returns to the Trustee before the deadline required by the Second Amended Plan.

2

modify the plan on their own determination rather than in response to a motion to modify or a less formal request initiated by the Trustee.

The IVL is a contractual agreement between the Trustee and the Debtors.  However, the IVL is ambiguous. Although generally contract language is construed against the drafter, it is not clear who the drafter is[3] or what application of that rule would dictate in this situation.  Thus, the Court must refer to the Bankruptcy Code for guidance.

11 U.S.C. §521(f)(1) provides that any party in interest can request that the debtors submit tax returns that come due and are filed with the taxing authority as the returns come due. This obligation was stated in the Second Amended Plan, and there is no dispute that the Debtors complied with this obligation.  11 U.S.C. §521(f)(4) provides that, if requested, the chapter 13 debtor must also provide annually "a statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed . . . ."[4]  There is no dispute that the Debtors did not file such statements, however, the Second Amended Plan calls for this requirement "if necessary," not annually. Because the IVL is ambiguous, and does not require annual statements as the Bankruptcy Code allows, the Court finds that dismissal is not appropriate.

The Trustee also seeks dismissal because the Debtors did not file a modified plan.  The IVL requires the Debtors to file a modified plan "if necessary."  The Trustee argues that the Debtors' argument—that a modified plan must only be filed upon the Trustee's request— unfairly places the burden on the Trustee to determine when modification is appropriate.

---

[3] According to the Trustee, over ten years ago, the Trustee and the largest Chapter 13 debtor attorney firms came to an agreement to avoid litigation regarding a debtor's projected disposable income at the time of confirmation by agreeing the Trustee could review the debtors' income in each year of the plan. The parties memorialized this agreement with the short-hand language that is the subject of this opinion.  The Trustee offered the same agreement to other debtors' attorneys, who, in subsequent years, have included this language in their plans to avoid litigating the same issues.  The attorney representing the Debtors is not one of the original parties that drafted the language.

[4] The Trustee and the Debtors agree that this refers to an amended Schedule I and J although whether that is, in fact, what this language means is not entirely clear, because 11 U.S.C. §521(g) suggests something slightly different.

Whether or not such burden is fair, that burden is imposed by the statute, not the Debtors' argument or this Court's ruling.  11 U.S.C. §1329 allows a debtor, a trustee or a creditor to seek modification of a bankruptcy plan.  However, there is nothing in the Bankruptcy Code that requires debtors to *sua sponte* affirmatively modify their plan upward as a result of an increase in income. Thus, consistent with the statute, the Court interprets the IVL to require the Debtors to modify their plan if appropriate, upon the Trustee's motion.  The Trustee did not file a motion to modify, or otherwise react to the timely provided tax returns until more than a year after receiving the tax returns.  The Trustee's Motion to Dismiss based on the Debtors' failure to modify their Second Amended Plan is not required by the IVL, nor supported by the Bankruptcy Code, and accordingly, dismissal on these grounds is not warranted.

The Bankruptcy Code, with all its faults, has set up a system of balanced obligations to assure that a chapter 13 debtor provides a fair distribution of his or her assets and income to creditors.  This process starts with the requirements for payment in a plan—a balance of the liquidation test and projected future income.  This process continues with the ability of creditors and a trustee to monitor the debtor's income during the life of a bankruptcy plan, and, should such monitoring disclose a material departure[5] from the income projected at confirmation, the trustee or creditor may seek modification of the chapter 13 plan.  The same is true for the debtor; if life's circumstances change to a certain degree, the Bankruptcy Code allows a debtor to seek modification, or in harsh circumstances, a hardship discharge.  Nonetheless, within reason, a chapter 13 trustee and debtors are free to negotiate modifications to the process just described.  However, the resolution must be clear.  The Court finds that the IVL was not clear—as evidenced by the dispute before the Court.

---

[5] There are differing views on when modification of a chapter 13 plan is appropriate.  It is not necessary to the resolution of this dispute to address the appropriate threshold for modification.

4

However, this does not leave the Trustee without remedy. In this case, the Debtors have filed a motion to modify and the Trustee may object, and indeed, has objected, to that proposed modification. This Court will then decide whether such modification is appropriate.

Moreover, the Trustee may, and indeed has, sought to modify IVL for future plans, but there has been no agreement yet. Until the various constituencies can reach agreement, the Bankruptcy Code will control—the Trustee has the right to request that any debtor must comply with the obligations of 11 U.S.C. §521(f)(1)–(4); requiring that this be noted in the chapter 13 plan is beneficial to all the parties. Then, as the Bankruptcy Code allows, once the Trustee has reviewed the tax returns and the amended Schedules I and J, the Trustee may file a Motion to Modify pursuant to 11 U.S.C. §1329 if she deems such modification is appropriate.

Accordingly, the Chapter 13 Trustee's Motion to Dismiss (ECF #68) is DENIED.

###

Copies furnished to:
James Schwitalla, Esq.
Amy Carrington, Esq.

*Attorney Schwitalla is directed to serve copies of this order on the parties listed and file a certificate of service.*